**Walker HOWELL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–6465.

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Walker Howell appeals pro se from a district court judgment which affirmed, in part, the Commissioner's denial of his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Howell filed his DIB application in 1990, primarily alleging that he was disabled by a back injury. Administrative Law Judge ("ALJ") Lawrence Pauley denied this claim, but the case was remanded. ALJ Pauley denied Howell's SSI application and his remanded DIB claim in 1994. However, the case was remanded once again for further consideration of Howell's alleged mental impairments and the different time frames that were covered by his claims.

Upon remand, ALJ Mack Cherry found that Howell's past work was precluded by severe back pathology, hearing loss, carpal tunnel syndrome, mood and pain disorders, and borderline intellectual functioning, even though his condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. The ALJ also found that Howell could still perform a limited range of light work. Thus, he relied on the testimony of a vocational expert to find that Howell was not disabled because a significant number of jobs were still available to him. This opinion became the final decision of the Commissioner on January 7, 2000.

The district court granted Howell's motion for summary judgment in part on September 27, 2001, and remanded the case for an award of SSI benefits for a period beginning on June 30, 1997. However, the court affirmed the Commissioner's decision in all other respects. It is from this judgment that Howell now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

As an initial matter, we note that Howell's brief does not contain any direct challenge to ALJ Cherry's substantive findings as described above. Therefore, he has abandoned these issues for purposes of appellate review. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997).

Instead, Howell argues that ALJ Cherry was biased against him and that the ALJ's credibility findings were tainted by Howell's activities as a part-time preacher in the Old Regular Baptist Church. However, the ALJ properly considered the hearing testimony in light of the medical record before finding that Howell was not fully credible. *See Walters*, 127 F.3d at 531–32. Moreover, a careful review of the hearing transcript and the ALJ's opinion reveals no significant evidence of judicial bias. *See Schweiker v. McClure*, 456 U.S. 188,

195–97, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.